UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| Plaintiff, | ) ) ) | **Report and Recommendation** |
| vs. | ) ) | |
| George H. Ryan; | ) ) | C/A No.  6:08-0757-MBS-WMC |
| Purnell Peace and Quanis Phillips; | ) ) | C/A No.  6:08-0758-MBS-WMC |
| Ronde Barber and T.K. Barber; | ) ) | C/A No.  6:08-0759-MBS-WMC |
| Matt Hasselbeck and Deion Branch; | ) ) | C/A No.  6:08-0760-MBS-WMC |
| Jacob Kobi Alexander, d/b/a Comverse Technologies, Inc.; | ) ) | C/A No.  6:08-0761-MBS-WMC |
| Phillip R. Bennett, d/b/a Refco Group Holdings, Inc.,; | ) ) | C/A No.  6:08-0762-MBS-WMC |
| Bernie Parent and Bobby Clarke; | ) ) | C/A No.  6:08-0763-MBS-WMC |
| Jordan Schrader and Mimi Hall; | ) ) | C/A No.  6:08-0764-MBS-WMC |
| Pia Sundhage and Hope Solo; | ) ) | C/A No.  6:08-0765-MBS-WMC |
| Philip Rivers and Antonio Cromartie; | ) ) | C/A No.  6:08-0766-MBS-WMC |
| Michael Strahan and Warren Sapp; | ) ) | C/A No.  6:08-0767-MBS-WMC |
| Julius Peppers and Jake Delhomme; | ) ) | C/A No.  6:08-0768-MBS-WMC |
| Torry Holt and Isaac Bruce; | ) ) | C/A No.  6:08-0769-MBS-WMC |
| Defendants. | ) ) ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1]  Plaintiff filed the thirteen (13) civil actions listed above as "class action"

---

[1] Since December, 2007, Plaintiff has filed one hundred and sixty-seven (167) cases, including the present action, with this Court.  Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

suits against a variety of defendants. The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a review has been made of the *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

---

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff filed a motion in these cases to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied and these complaints should be dismissed. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), which bars an inmate from proceeding *in forma pauperis* unless he alleges facts to support a claim of imminent danger. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[3] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

---

[3] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger).

In light of the Plaintiff's prior "strikes," he cannot proceed *in forma pauperis* in these cases unless his claims satisfy the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in all of the above captioned complaints. Plaintiff's claims are as follows:

**1.     *Riches v. George H. Ryan,* C/A No. 6:08-0757-MBS-WMC**.

In this action, Plaintiff claims his "6th amendment rights are violated by Defendant under Booker and Fan Fan. Ryan is violating Plaintiffs 8th amendment rights, and 14th amendment rights. Ryan plans to transfer to FCI Williamsburg to do plaintiffs harm. Plaintiffs seek a restraining order. Plaintiffs are in imminent danger."

2.   *Riches v. Purnell Peace and Quanis Phillips*, **C/A No. 6:08-0758-MBS-WMC**.

Plaintiff states, "Plaintiffs constitutional rights are violated. Defendants violated plaintiffs civil rights on 9-19-03, and 12-17-07. Plaintiffs are in imminent danger. Plaintiffs file a class action and seek a restraining order against defendants."

3.   *Riches v. Ronde Barber and T.K. Barber*, **C/A No. 6:08-0759-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs seek a restraining order against defendants. Plaintiffs due process rights have been violated by defendants. Defendants are in violation of the Trading with Energy Act. Plaintiffs got threatened on 12-01-07. Plaintiffs now face imminent danger by Defendants."

4.   *Riches v. Matt Hasselbeck and Deion Branch*, **C/A No. 6:08-0760-MBS-WMC**.

Plaintiff states, "Plaintiffs file this class action suit against defendants. Defendants threatened plaintiffs with assault, extortion, and blackmail two times 1-4-08 and 1-7-08. Plaintiffs civil rights are violated. Plaintiffs due process is violated. Plaintiffs face imminent danger and seek a restraining order."

5.   *Riches v. Jacob Kobi Alexander, d/b/a Comverse Technologies, Inc.*, **C/A No. 6:08-0761-MBS-WMC**.

Plaintiff claims, "Plaintiffs seek a preliminary Injunction, Temporary Restraining order against Alexander. Plaintiffs have gotten threats of bribery, extortion, black mail since 7-4-07. Plaintiffs face imminent danger. Plaintiff's 14th amendment rights to due process is violated."

6.   *Riches v. Phillip R. Bennett, d/b/a Refco Group Holdings, Inc.*, **C/A No. 6:08-0762-MBS-WMC**.

Plaintiff states, "Plaintiffs 6th amendment rights are violated under Booker and Fan Fan and Blakely v. Washington. Defendants Refco is violating Plaintiff's due process rights and

are endangering Plaintiffs. Plaintiffs are in imminent danger from Bennett seeking a injunction against him."

7.     ***Riches v. Bernie Parent and Bobby Clarke*, C/A No. 6:08-0763-MBS-WMC**.

Plaintiff claims, "Plaintiffs file a class action suit. On 12-15-07 Plaintiffs were assaulted by Defendants. Plaintiffs continue to get harassed and kicked, threatened. Plaintiffs civil rights are violated by defendants. Plaintiffs now face imminent danger and seek a restraining order against defendants."

8.     ***Riches v. Jordan Schrader and Mimi Hall*, C/A No. 6:08-0764-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs file this class action suit. Plaintiffs due process has been violated by Defendants since 10-4-07. Plaintiffs 8th amendment rights are violated by Plaintiffs for cruel and unusual punishment. Plaintiffs have nightmares and face imminent danger. Plaintiffs seek a restraining order."

9.     ***Riches v. Pia Sundhage and Hope Solo*, C/A No. 6:08-0765-MBS-WMC**.

Plaintiff claims, "Plaintiffs seek a restraining order. Defendants threatened to kick Plaintiffs on 12-5-07. Plaintiffs due process rights are violated. Defendants are violating Plaintiff's 1st Amendment rights on 11-25-07. Plaintiffs face imminent danger."

10.    ***Riches v. Philip Rivers and Antonio Cromartie*, C/A No. 6:08-0766-MBS-WMC**.

Plaintiff states, "Plaintiff's constitutional rights are violated by defendants, 6th amendment since June 10th, 2004 under Booker and Fan Fan. Plaintiff's face cruel and unusual punishment by Defendants. Plaintiffs face imminent danger. Defendants threatened and assaulted. Plaintiffs seek a restraining order against defendants."

**11.**    *Riches v. Michael Strahan and Warren Sapp,* **C/A No. 6:08-0767-MBS-WMC**.

Plaintiff claims, "Plaintiffs are in imminent danger and seek a restraining order. On 12-9-07 at 9 a.m., 12-12-07 at 4:30 p.m., and 12-19-07 6:52 p.m. Plaintiffs got threatened by defendants. Plaintiffs civil rights are violated. Plaintiffs seek a restraining order."

**12.**    *Riches v. Julius Peppers and Jake Delhomme,* **C/A No. 6:08-0768-MBS-WMC**.

Plaintiff states, "Plaintiffs file this class action suit. Plaintiffs face imminent danger by Peppers and Delhomme. Plaintiff's got threatened on 11-16-07 and 12-14-07. Plaintiffs civil rights are violated by defendants on 12-30-07. Plaintiffs seek a restraining order against Peppers and Delhomme."

**13.**    *Riches v. Torry Holt and Isaac Bruce,* **C/A No. 6:08-0769-MBS-WMC**.

Plaintiff claims, "Plaintiffs civil rights were violated by defendant's on 12-2-07 and 12-9-07. Defendants are threatening Plaintiffs. Plaintiffs Constitutional rights to due process is violated. Plaintiffs seek a restraining order, as Plaintiffs face imminent danger by February."

Although Plaintiff uses the term "imminent danger" in each of the above complaints, the pleadings fail to provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiffs vague assertions regarding the receipt of threats from many of the Defendants are insufficient to raise a credible claim of imminent danger. *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). In addition, a search of Federal Bureau of Prisons' website indicated that none of the Defendants are incarcerated at FCI-Williamsburg, and, therefore, have no immediate access to the Plaintiff.[4]   As the instant complaints do not invoke the "imminent

---

[4] *See* http://www.bop.gov/

danger" exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases. The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

It is recommended that the District Court deny the Plaintiff's motion to proceed *in forma pauperis* in each of the above cases. It is further recommended that, should Plaintiff fail to pay the filing fees as directed above, the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Plaintiff's attention is directed to the important notice on the next page.

March 20, 2008                                              s/William M. Catoe
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).